JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-6692 PA (ASx) | Date | August 21, 2023 |
|---|---|---|---|
| Title | Michael Speziali v. The Viper Room, L.P., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Viper Room Sunset, LLC ("VRS" or "Debtor") on August 15, 2023.  VRS seeks to remove the post-Judgment proceedings in an action initiated by plaintiff Michael Speziali ("Speziali" or "Plaintiff") against defendants VRS, The Viper Room, L.P., and Viper Room Management, LLC (collectively "Defendants").

According to the Notice of Removal, Speziali filed a Complaint against Defendants in Los Angeles Superior Court on February 2, 2018, and obtained a default judgment on June 15, 2020, for $790,647.43.  On December 22, 2022, Speziali filed a Motion to Amend Judgment to Add an Alter Ego as a Judgment Debtor, in which he sought to enforce the Default Judgment against Darin Feinstein ("Feinstein").  VRS filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Nevada on August 15, 2023.  According to the Notice of Removal, Speziali's claims made in support of his effort to amend the Default Judgment to include Feinstein as an alter ego debtor of Defendants "are property of the [bankruptcy estate] and are, therefore subject to the exclusive jurisdiction of the Bankruptcy Court by operation of 28 U.S.C. § 1334(e)(1) and subject to the protections of the automatic stay in Debtor's Chapter 11 Case by operation of 11 U.S.C. § 362."  (Notice of Removal ¶ 14.)  The Notice of Removal alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, the defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-6692 PA (ASx) | Date | August 21, 2023 |
|---|---|---|---|
| Title | Michael Speziali v. The Viper Room, L.P., et al. | | |

According to VRS, Speziali's effort to add Feinstein as a debtor "is a core proceeding because Speziali is claiming that Feinstein is Debtor's alter ego." (Notice of Removal ¶ 16.) The Notice of Removal alleges:

> A claim of alter ego is one which belongs to the Estate.  See, e.g., Carramerica Realty Corp. v. NVIDIA Corp., 302 Fed. Appx. 514, 516 (9th Cir. 2008) ("The trustee's standing to sue on behalf of the estate is exclusive; a debtor's creditors cannot prosecute such claims belonging to the estate unless the trustee first abandons such claims.") citing Estate of Spirtos v. One San Bernardino County Superior Court Case Numbered SPR 02211, 443 F.3d 1172, 1175 (9th Cir. 2006); see also Davey Roofing, Inc., 167 B.R. 604, 608 (Bankr. C.D. Cal. 1994) (categorizing actions that injure a corporation's creditors indiscriminately and generally as belonging to the bankruptcy estate for prosecution by the trustee or debtor in possession, rather than by an individual creditor).  As a consequence, Speziali is violating the automatic stay provisions of 11 U.S.C. § 362(a)(3) by attempting to exercise control over property of the Estate and is unduly encroaching on the Bankruptcy Court's exclusive jurisdiction over the alter ego claims constituting property of Debtor's Estate that is committed by statute to the exclusive jurisdiction of the Bankruptcy Court.  See 28 U.S.C. § 1334(e)(1).

(Id.)

The Notice of Removal's reliance on Estate of Spirtos and In re Davey Roofing, Inc. is unavailing.  A bankruptcy trustee's power to pursue claims against third parties such as Feinstein is far more limited than alleged in the Notice of Removal.  See Ahcom, Ltd. v. Smeding, 623 F.3d 1248, 1250 (9th Cir. 2010) ("The trustee may assert only claims belonging to the debtor corporation and 'has no standing generally to sue third parties on behalf of the estate's creditors.'") (quoting Smith v. Arthur Andersen LLP, 421 F.3d 989, 1002 (9th Cir. 2005)).  In Ahcom, the Ninth Circuit overruled In re Davey Roofing's analysis of the applicable substantive law and concluded that there is no "general alter ego claim" that a trustee may pursue against a third party and that instead, only claims like "fraudulent conveyance, conversion, and theft" are those belonging to the trustee.  623 F.3d at 1252; see also id. ("This reading is unavoidable when we consider that no California court has recognized a freestanding general alter ego claim that would require a shareholder to be liable for all of a company's debts and, in fact, the California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-6692 PA (ASx) | Date | August 21, 2023 |
|---|---|---|---|
| Title | Michael Speziali v. The Viper Room, L.P., et al. | | |

Supreme Court stated that such a cause of action does not exist."). Instead, the Ninth Circuit concluded that "a creditor of a corporation in bankruptcy has standing to assert a claim against the corporation's sole shareholders on an later ego theory" and reversed the district court's conclusion that "the claim belonged solely to the trustee." Id. at 1249.

"[C]laims that arise under or in Title 11 are deemed to be 'core' proceedings, while claims that are related to Title 11 are 'noncore' proceedings." In re Harris Pine Mills, 44 F.3d 1431, 1435 (9th Cir. 1995). "Core proceedings arising in title 11 are matters 'that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy.'" Schultze v. Chandler, 765 F.3d 945, 948 (9th Cir. 2014) (quoting In re Harris Pine Mills, 44 F.3d at 1435). Neither Speziali's underlying claims, which have been reduced to the Default Judgment, nor the effort to add Feinstein as an alter ego debtor for those claims, is a "core" proceeding under 28 U.S.C. §§ 157(b)(2)(A), (O), or (L). For purposes of § 157(b)(2)(A), "core" proceedings include "matters concerning the administration of the estate." Plaintiff's pre-petition claim for wrongful termination does not concern the administration of the bankruptcy estate. Section (b)(2)(O) excepts "personal injury tort or wrongful death claims" from the definition of "core" proceedings, and § 157(b)(2)(L) involves "confirmation of plans." The Court therefore concludes that Speziali's effort to amend the Judgment to include Feinstein as a debtor is a noncore proceeding that is, at most, "related to" a case arising under title 11 over which "district courts shall have original but not exclusive jurisdiction." 28 U.S.C. § 1334(b).

Section 1452(a) allows a party to "remove any claim or cause of action in a civil action to the district court for the district where such action is pending" if the district court has jurisdiction of the claim or cause of action under 28 U.S.C. § 1334. Once a claim is removed pursuant to 28 U.S.C. § 1452(a), the court to which the claim has been removed "may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). An order remanding an action pursuant to § 1452(b) "is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 [of Title 28] or by the Supreme Court." Id. Section 1452(b)'s "'any equitable ground' remand standard is an unusually broad grant of authority. It subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes. . . . At bottom, the question is committed to the sound discretion of the . . . judge." McCarthy v. Prince, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999).

In assessing whether "equitable grounds" exist to remand actions removed under § 1452, courts have looked to a number of factors:

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-6692 PA (ASx) | Date | August 21, 2023 |
|---|---|---|---|
| Title | Michael Speziali v. The Viper Room, L.P., et al. | | |

> These factors have included, among other things, judicial economy, comity and respect for state law decision-making capabilities, the impact that remand would have upon the orderly administration of the debtor's bankruptcy case, the effect of bifurcating claims and parties to an action and the possibilities of inconsistent results, the predominance of state law issues and nondebtor parties, and the extent of any prejudice to nondebtor parties.

In re TIG Ins. Co., 264 B.R. 661, 665-66 (Bankr. S.D. Cal. 2001); see also McCarthy, 230 B.R. at 418 ("State courts are, by definition, fully competent to resolve disputes governed by state law.").

      Here, Speziali's post-Judgment proceedings raise only state law claims over which this Court would otherwise lack jurisdiction and that the Los Angeles Superior Court is best equipped to resolve.  This is particularly true given the existence of non-debtor defendants and the minimal apparent disruption a single plaintiff wrongful termination employment claim should pose to the administration of a bankruptcy case involving a debtor entity.  Additionally, contrary to the allegations in the Notice of Removal, Speziali's effort to amend the Default Judgment to add Feinstein based on an alter ego theory does not trigger an automatic stay under the Bankruptcy Code.  Specifically, the automatic stay "'does not protect non-debtor parties or their property.  Thus, section 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor.'"  Boucher v. Shaw, 572 F.3d 1087, 1092 (9th Cir. 2009) (quoting In re Chugach Forest Prods., Inc., 23 F.3d 241, 246 (9th Cir. 1994)).  The automatic stay therefore does not appear to apply to Speziali's efforts to add Feinstein as a debtor.  As a result of these factors, the Court concludes that the equities tip sharply in favor of remanding this action to Los Angeles Superior Court.  See 28 U.S.C. § 1452(b).

      For all of the foregoing reasons, this Court exercises its discretion to remand this action to Los Angeles Superior Court, Case No. BC 692932.  See 28 U.S.C. § 1452(b).

      IT IS SO ORDERED.